## CIRCUIT COURT OF THE CITY OF SALEM

Paul and Gary
Duncan Partnership

v.

City of Salem et al.

December 1, 1997

Case No. CH96-192

BY JUDGE ROBERT P. DOHERTY, JR.

The City of Salem entered into a contract to sell a public softball and soccer field to the Duncan Partnership. The contract called for the City to file a petition requesting that the property be rezoned and requesting that a special use permit be issued to enable the Duncans to operate a used car facility on the land. The petition was filed, but the City Council denied the requested rezoning and use permit. Plaintiff partnership then filed this declaratory judgment action asking the Court to determine that the denial of the rezoning and use permit by City Council was unreasonable, arbitrary, and capricious. The City claims that their actions were reasonable or, in the alternative, fairly debatable and thus not subject to adjustment by the judiciary. The Court agrees with the position taken by the City of Salem.

A zoning decision by a city council is legislative action and, as such, is presumed to be reasonable until proven otherwise. *Board of Supervisors of Fairfax County v. Pyles*, 224 Va. 629 (1983). Citing *Board of Supervisors of Fairfax County v. Jackson*, 221 Va. 328 (1980), and *Board of Supervisors of Fairfax County v. Snell Const. Corp.*, 214 Va. 655 (1974), the Virginia Supreme Court, in the more recent case of *City Council of the City of Salem v. Wendy's of Western Va., Inc.*, 252 Va. 12 (1996), said:

> The following test is employed to determine whether the presumption of reasonableness should stand or fail. "If the presumptive reasonableness of zoning action is challenged by probative evidence

of unreasonableness, the challenge must be met by evidence of reasonableness. If such evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained; if not, the presumption is defeated by the evidence of unreasonableness and the legislative act cannot be sustained."

In other words, if reasonable men can differ as to whether the zoning decision made by the City Council was appropriate, then it will not be disturbed.

In this case, the Court finds that the property can reasonably be put to either recreational use or to business use. The decision to keep it for recreational use is within the range of reasonableness. The City presented evidence of the character of the surrounding lands, the fact that it is at the eastern end of a three-tenths of a mile greenway consisting of park, museum, and recreation area, the fact that it touches on a residential area, the fact that it buffers the balance of the greenway from industrial and business areas, the fact that it is and has historically been in continuous use by the citizens of the City of Salem for sports and recreation purposes, and the fact that it makes for a pleasing approach to the more historic portions of Salem from East Main Street. Given these findings, the Court cannot declare that the decision to retain the land for recreation is arbitrary, capricious, or unreasonable. Likewise, the Duncan Partnership presented clear, cogent, and convincing evidence that the property was reasonably suitable for the business purpose of operating a used car lot. Accordingly, the Court finds this zoning decision of the Salem City Council to be fairly debatable and, therefore, reasonable.

The prior apparent inconsistencies in certain limited applications of the City of Salem's Comprehensive Plan and zoning ordinances have been adequately explained by the evidence. They were anomalies brought about by mistake. The law does not require that precedential value be given to incorrect or imprudent decisions. See *City of Manassas v. Rossen*, 224 Va. 12 (1982). The reliance by the City on the zoning guidelines contained in its Comprehensive Plan is also a reasonable approach, well within City Council's discretion and will not be set aside. *Board of Supervisors of Loudoun County v. Lerner*, 221 Va. 30 (1980).

The other issues raised by the parties are rendered moot by the Court's decision. The question of the efficacy of the contract to sell the land is not a part of this lawsuit.